UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAROL S. HINCHMAN,

    Plaintiff,

v.                                  CASE No. 8:08-CV-1354-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[1] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

I.

The plaintiff, who was forty-five years old at the time of the administrative hearing and who has a high school education, has worked in

---

[1]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 14).

customer service, billings, collections, sales, and as a receptionist (Tr. 153, 726-29).² She filed claims for Social Security disability benefits and supplemental security income payments, alleging she became disabled as of September 7, 2005, due to a factor 5 blood disorder (Tr. 137). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has a "severe combination of impairments: fibromyalgia, factor V Leiden disorder, gastroesophageal reflux disease (GERD), and sciatica" (Tr. 18). She concluded that these impairments limited the plaintiff to light work (Tr. 23). The law judge specified the following limitations (Tr. 19):

> lift and carry up to 20 pounds occasionally and 10 pounds frequently, stand or walk for 6 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday. The claimant has no limitation of pushing or pulling with her upper or lower extremities. The claimant can frequently, but not constantly, balance, stoop, kneel, crouch, crawl, and climb a ramp or stairs, and only occasionally climb a ladder, rope, or scaffold. The claimant has

---

²The plaintiff testified that she had a high school education, and specifically said she did not have a GED (Tr. 726). However, the Disability Report indicated that she had a GED (Tr. 144). Moreover, she told an examining psychologist that she dropped out of school in the twelfth grade and got a GED (Tr. 293). This inconsistency is notable since the plaintiff's sole challenge in this case is to the law judge's credibility determination.

no manipulative, visual, communicative, or environmental limitations, except of avoiding concentrated exposure to hazards such as machinery and heights.

Despite the limitations from the plaintiff's impairments, the law judge determined, based upon the testimony of a vocational expert, that the plaintiff was able to return to past relevant work as a customer service representative, a receptionist, a sales clerk, and a collections clerk (Tr. 23). The plaintiff was, therefore, found not disabled (Tr. 24). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3),

1382c(a)(3)(D). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A), 1382c(a)(3)(B).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by

substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff challenges the law judge's decision solely on the ground that the law judge's credibility determination was flawed (Doc. 16, p. 9). The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective symptoms. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such

a severity that it can be reasonably expected to give rise to the alleged pain." If, as here, the law judge determines that there is objective medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985).

The law judge expressly recognized the Eleventh Circuit pain standard, quoted it, cited an Eleventh Circuit case articulating it (Brown v. Sullivan, 921 F.2d 1233 (11th Cir. 1991)), and indicated that she was applying it (Tr. 19). Moreover, she provided a detailed explanation for her credibility determination (Tr. 20-21).

At the hearing, the plaintiff testified that she was impaired by a number of factors. The law judge went through each of those impairments separately and stated why, in her opinion, the impairment was not incapacitating (id.). In her memorandum, the plaintiff has not asserted that, in this assessment, the law judge overlooked any alleged impairment. Moreover, she has not challenged any one of these specific determinations.

The law judge, in addition, set forth important testimony by the plaintiff that was clearly contradicted by the evidence. Thus, the law judge stated (Tr. 21):

> The claimant testified that she had not worked since September 2005. However, the claimant's earnings record reflected that the claimant worked for Employ America, Shorette Mortgage, and Latimore Landings in 2006 (Exhibit 2D).
>
> The claimant testified that she had not received unemployment compensation benefits. However, a new hire query reflected that the claimant received unemployment compensation benefits of $8,892.00 in the 1st quarter of 2007, and $88.00 in the 2nd quarter of 2007.

These two paragraphs provide telling evidence that the plaintiff is not a credible witness. In the first place, they directly contradict the plaintiff's allegation that she was too incapacitated to work. This is shown not only by her work history, but also by her receipt of unemployment benefits, which require a representation that she is able and willing to work. See Fla. Stat., §443.091(c)1; Torres v. Florida Unemployment Appeals Commission, 983 So.2d 10 (Fla. App. 2008).

Even more telling, the evidence shows that the plaintiff is prepared to testify falsely under oath. Thus, she testified falsely that she had

not worked at all after September 7, 2005 (Tr. 21). She also testified falsely that she had not received any unemployment benefits (Tr. 730).

In addition, the law judge pointed out at the hearing that the plaintiff's testimony that she had not worked at all after September 7, 2005, is contradicted by a medical note of October 12, 2005, that "a co-worker" had dropped a flower pot on the plaintiff's foot the day before (Tr. 588). When the plaintiff was asked by the law judge about this inconsistency, she gave a convoluted answer that seemed to blame a nurse for the entry (Tr. 747-48). The law judge could easily conclude that this answer reflected negatively upon the plaintiff's credibility.

In short, there was ample basis in the record, including direct falsehoods, for the law judge's conclusion that the plaintiff was not entirely credible. Notably, the law judge did not totally reject the plaintiff's testimony, but found that the plaintiff had impairments that restricted her to a range of light work. The law judge merely rejected the plaintiff's allegations that she was disabled to a greater extent. And, as indicated, the law judge had ample basis upon which to find the plaintiff not totally credible.

The law judge, furthermore, set forth three additional paragraphs for questioning the plaintiff's credibility. The plaintiff limits her challenge to the law judge's credibility determination to comments in those three paragraphs. That challenge is plainly unpersuasive.

In the first place, the reasons that had previously been stated by the law judge provide a solid basis for the law judge's credibility determination. Even if these three paragraphs had not been included, the credibility determination would be supported by substantial evidence. In all events, the plaintiff's assertions, which strike me as quibbles, would not compel a different credibility determination.

Thus, the plaintiff challenges the following statement by the law judge (Tr. 22):

> As to her activities of daily living, the claimant testified that she could fold laundry on a good day, but that she could not cook, clean, or vacuum since 2005. However, in forms completed by the claimant, in December 2005, she stated that she could prepare sandwiches, drive, shop, manage her own money, watch television, and read (Exhibits 4E and 5E). Thus, the claimant is not debilitated to the point of being unable to independently perform all activities of daily living. Also, the claimant's daily activities are not limited to the extent that one would expect from an individual totally disabled by pain.

The plaintiff challenges the law judge's reliance on the forms, asserting that the forms indicate that the plaintiff leads a very limited existence (Doc. 16, p. 11). However, all that the law judge said about the forms is that they did not show that the plaintiff was debilitated from all activities of daily living (Tr. 22). There is nothing unreasonable about that minimal conclusion. Notably, with respect to activities of daily living, the plaintiff ignores the evidence that she was able to work.

Next, the plaintiff briefly quarrels with the law judge's finding regarding the plaintiff's medications for her blood disorder (Doc. 16, p. 12). On this point, the law judge stated (Tr. 22):

> As to her medications, in a form completed by the claimant, in October 2005, she stated that Lyrica 50 mg qd and extra strength Tylenol made her international normalized ratio (INR) for anticoagulation to go high and very low, causing her to become very sick (Exhibit 3E). However, in February 2005 and April 2005, Dr. Clark noted that the claimant's INR was normal (Exhibit 29F/6). At the hearing, the claimant testified that high doses of Lyrica caused concentration problems, and that Oxycodone caused her to pass out. However, the medical evidence indicates that the claimant was alert and oriented at her examinations (Exhibits 29F/1 and 10, 31F, and 34F). Also, at the hearing, the claimant was not observed to be dizzy, drowsy, or unfocused due to adverse medication side effects.

This statement does not purport to be a finding that the plaintiff's testimony should be discounted because there is an alleged inconsistency between the plaintiff's testimony regarding fluctuations in the therapeutic levels of her medications and evidence that at times the levels were normal. Rather, the import of the statement is that the plaintiff does not have side effects from her medications that cause her to be dizzy, drowsy, or lack concentration. The plaintiff has made no attempt to show otherwise.

Finally, the plaintiff criticizes the law judge's statement that "the medical evidence fails to show that the claimant has been required to use an alternative treatment method that imposes limitations or restrictions by its frequency of treatment, duration, disruption to routine, or adverse side effects since the alleged date of disability" (id.). The plaintiff has not referred to any evidence in the record that establishes that this statement is incorrect.

Significantly, the plaintiff was instructed in the scheduling Order that each discrete contention had to "be supported by citations to the record of the pertinent facts," and that the failure to do so would cause her argument to be disregarded (Doc. 15, p. 2). Consequently, the plaintiff's failure to specify evidence demonstrating that she was required to use an alternative treatment method that imposed limitations or restrictions by its frequency of

treatment, duration, disruption to routine, or side effects constitutes an abandonment of the plaintiff's contention. In any event, the contention does not support, in the slightest, an overturning of the law judge's credibility determination.

In sum, the law judge provided an ample basis for her credibility determination. Her reasons included, in particular, facts showing that the plaintiff had testified falsely under oath. Under those circumstances, the plaintiff's three weak contentions do not compel a different credibility finding.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 6th day of July, 2009.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE